UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES ALBERT HODGE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2173** |
| **LOUISIANA OFFICE OF MOTOR VEHICLES,** *et al.* | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), also and 28 U.S.C. § 1915 filed by defendants the Louisiana Office of Motor Vehicles ("OMV") and Stephanie Porter ("Porter").[1] The motion was set for submission on September 20, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance September 12, 2023. Plaintiff James Albert Hodge, Jr. ("Hodge"), who is proceeding *pro se*, did not file an opposition to the motion.[3] Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Doc. 12.
[2] R. Doc. 12-2.
[3] Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).
[4] Hodges filed this action against OMV, Porter, and three other OMV employees identified by first names only—Sofia, Andrea, and Brian—alleging that OMV, through Porter, Sofia, Andrea, and Brian improperly refused to issue a license plate to him because he owed past-due highway taxes. R. Doc. 4. OMV and Porter filed the instant motion to dismiss arguing: (1) that Hodge's complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915; (2) OMV is not an entity capable of being sued; (3) the State of Louisiana, through OMV is entitled to sovereign immunity as to any claims made under 28 U.S.C. § 1983; (4) Porter is entitled to qualified immunity on any § 1983 claims; and (5) Porter is entitled to discretionary immunity. R. Doc. 12. A proceeding brought *in forma pauperis* may be dismissed as frivolous or for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A claim is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, courts have "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

**IT IS ORDERED** that OMV and Porter's motion to dismiss is **GRANTED**, and Hodge's claims against them are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 26th day of March 2024.

                                          **DARREL JAMES PAPILLION**
                                        **UNITED STATES DISTRICT JUDGE**

---

allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). Liberally construing the instant complaint, there are no factual allegations in the complaint establishing a cause of action against any defendant. The complaint says nothing more than that the defendants told Hodge that the OMV could not issue a license plate to him because he owed highway taxes. Hodge does not demonstrate that these facts establish a viable cause of action. Accordingly, OMV and Porter's motion to dismiss is granted dismissing Hodge's claims against them with prejudice as frivolous and for failing to state a claim upon which relief can be granted.