**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES ALBERT HODGE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2173** |
| **LOUISIANA OFFICE OF MOTOR VEHICLES, ET AL** | **SECTION: "P" (3)** |

**ORDER**

Before the Court is *pro se* Plaintiff James Albert Hodge, Jr.'s Motion for Default Judgment (R. Doc. 18). For the following reasons, the motion is **DENIED**.

## I. PROCEDURAL BACKGROUND

Plaintiff initially filed this action against the Louisiana Office of Motor Vehicles ("OMV"), Stephane Porter ("Porter"), and three other OMV employees identified by their first names only—Sofia, Andrea, and Brian—alleging that OMV, through Porter, Sofia, Andrea, and Brian, improperly refused to issue a license plate to Plaintiff on the incorrect basis that he owed past-due highway taxes.[1] OMV and Porter then filed a motion to dismiss, pursuant to which this Court dismissed Plaintiff's claims against OMV and Porter with prejudice.[2] The only defendants that remain are Sofia, Andrea, and Brian.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to a complaint within the required time period.[3] **A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps.** The plaintiff must first petition the court for the **entry of default** against the

[1] R. Doc. 4.
[2] R. Doc. 13.
[3] FED. R. CIV. P. 55(b).

defendant. **The plaintiff's request for the entry of default must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."**[4] After plaintiff's request is granted and the defendant's default has been entered, the plaintiff may then move for a **default judgment**.[5]

Here, Plaintiff moves this Court to enter a default judgment against Defendants, but Plaintiff did not first seek an entry of default. The Fifth Circuit has instructed district courts to give *pro se* papers "a liberal construction."[6] But *pro se* litigants are not exempt from compliance with relevant rules of procedural and substantive law.[7]

Plaintiff's motion clearly seeks default judgment, not an entry of default, as Plaintiff references certain requirements for entering default judgment under Federal Rule of Civil Procedure 55(b)[8] and asserts that the Court should rule in his favor "for not only the wrong but the time and money [he has] spent."[9] Because the Court can only enter a default judgment after an entry of default, Plaintiff's motion must be denied.[10]

Accordingly, **IT IS ORDERED** that Plaintiff James Albert Hodge, Jr.'s Motion for Default Judgment (R. Doc. 18) is **DENIED**.

New Orleans, Louisiana, this 17th day of May 2024.

                    **DARREL JAMES PAPILLION**
                    **UNITED STATES DISTRICT JUDGE**

---

[4] FED. R. CIV. P. 55(a).
[5] *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam).
[6] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).
[7] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).
[8] *See* R. Doc. 18 at 3.
[9] *Id.* at 2.
[10] *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.") (emphasis in original).